UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) <br> ) <br> v.  ) <br> ) <br> LAURA JANKE, ) <br> ) <br> Defendant ) <br> ) | Criminal No. 19-10081-IT <br><br> **FILED UNDER SEAL** <br> **(Leave to File Granted June 21, 2022)** |

### GOVERNMENT'S SENTENCING MEMORANDUM AND MOTION FOR DOWNWARD DEPARTURE PURSUANT TO SECTION 5K1.1

The government respectfully submits this sentencing memorandum and motion, pursuant to Section 5K1.1 of the United States Sentencing Guidelines (the "Sentencing Guidelines"), in connection with the sentencing of defendant Laura Janke.

While an assistant coach of the University of Southern California ("USC") women's soccer team, Janke conspired with William "Rick" Singer and others, including co-defendant Ali Khosroshahin, to falsely designate the children of Singer's clients as soccer recruits in exchange for bribes. After leaving USC, Janke continued to work with Singer, first acting as a go-between with co-defendant Donna Heinel to help get Singer's students admitted to USC as purported athletic recruits in exchange for a cut of the bribe money, and later creating falsified athletic profiles for the children of Singer's clients who were pursuing the "side-door" scheme at USC and other universities.

Following her arrest, Janke promptly agreed to plead guilty to the charges against her – one count of racketeering conspiracy – and cooperate with the government's investigation. She fully accepted responsibility for her conduct ████████████████████████████████ ████████ and has shown genuine remorse throughout the course of these proceedings. Janke also

provided substantial assistance in the government's investigation and prosecution of others, ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆ ultimately testifying in two trials that resulted in the conviction of three defendants – two parents and a coach – who were the only defendants involved in Singer's scheme to go to trial.

For these reasons, and in light of the considerations set forth below, the government recommends that Janke be sentenced to a term of time served followed by one year of supervised release, with a special condition of 50 hours of community service. In addition, the government respectfully requests that the Court enter a forfeiture money judgment in the amount of $129,213.90.

## I. Overview of the Offense Conduct

From approximately 2007 to 2014, Janke served as an assistant coach of the USC women's soccer team under Khosroshahin, who had recruited and coached Janke as a collegiate soccer player at Cal State-Fullerton and then hired her, first as a graduate assistant coach at Cal State and later as an assistant coach at USC. After Janke joined the USC coaching staff, Khosroshahin told her about Singer's athletic recruitment scheme and solicited her involvement. Thereafter, Khosroshahin and Janke together purported to recruit one or two of Singer's students to the USC women's soccer team each year – initially in exchange for payments to their USC soccer program, and later, in exchange for payments to their private soccer club.

Janke knew that Singer's students were not USC-caliber soccer players, and she and Khosroshahin were not actually recruiting any of them to be members of their team. To deceive USC's subcommittee on athletic admissions ("Subco") into believing that they were legitimate recruits, Khosroshahin and Janke submitted falsified athletic profiles (via Heinel) that they either received from Singer or created themselves. Once Subco approved the admission of the fraudulent

recruits, Singer wrote a check to the USC soccer program or to Khosroshahin and Janke's private soccer club, typically from his sham charitable foundation, KWF. From approximately 2012 to 2014, Janke was involved in the fraudulent recruitment of four Singer students, including the daughters of defendants Doug Hodge and Toby Macfarlane.

After Janke left USC in 2014 (following Khosroshahin's termination), she continued her involvement in the scheme by acting as an intermediary between Singer and Heinel to get Singer's students into USC through the side door. For example, in early 2015, Janke coordinated with Heinel to secure the admission of Doug Hodge's son as a purported football recruit in exchange for a cut of the bribe money. After Subco approved the admission of Hodge's son, relying on a fabricated athletic profile created by Janke and presented by Heinel, Hodge sent Heinel a $75,000 check payable to the Women's Athletic Board and Singer paid Janke $50,000 via a check from KWF to Khosroshahin and Janke's soccer club.

In or around the fall of 2015, Janke agreed to create additional athletic profiles for Singer's students in exchange for money. She ultimately created approximately 30 to 40 profiles – most for various sports at USC but also soccer profiles for Yale and UCLA and sailing profiles for Stanford, among others. The profiles contained fabricated athletic credentials and "action shots," many of which Janke found online. In total, Singer paid Janke approximately $2,750 for her work on the profiles.

II.     **The Applicable Sentencing Guidelines**

The government submits, in accordance with the parties' plea agreement, that Janke's total offense level for racketeering conspiracy under the Sentencing Guidelines is 18. The resulting Guidelines sentencing range is between 27 and 33 months. Probation has calculated the Guidelines differently, concluding that the default racketeering base offense level of 19 applies because there

was no reasonably foreseeable pecuniary harm to the universities. Although the government disagrees with Probation's conclusion and maintains that the offense level should be calculated using the offense level applicable to the underlying fraud offenses with a 12-level increase based on the gain from the offense, the government acknowledges that the Court has overruled the government's objections previously and does not intend to pursue its objections further in light of its ultimate sentencing recommendation. In any event, the resulting offense level is the same (19), and both calculations result in a total offense level of 18, after adjustments for abuse of position of trust and acceptance of responsibility.

### III. Sentencing Recommendation and Motion Pursuant to Section 5K1.1

The conduct for which Janke is being sentenced was egregious: blatant fraud that corrupted the college admissions process at USC, where Janke deceived her own colleagues in admissions, and other universities, prompted by a misguided desire to do right by Khosroshahin and sustained by a severe and continuous abandonment of good judgment. At the same time, Janke's conduct since her arrest has been nothing short of exemplary. Her acceptance of responsibility and expression of remorse was immediate and resolute. She fully owned her conduct and not once tried to minimize her role in the scheme, instead repeatedly acknowledging her genuine feelings of shame and regret. ███████████████████████████████████████

██████████████████████████████████████

Janke's cooperation with the government's investigation and prosecution of others was extensive and valuable. ██████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

█████████████████████████████████████████████████

████████████████████████████████████████████████████

██████████████████████████████████████████████████████

████████████████████████████████████████ Her testimony in both the Abdelaziz/Wilson and Vavic trials was critical. She not only provided an overview of the scheme and described the way in which it corrupted the athletic admissions process at USC, but also established that the athletic profiles submitted to Subco for Abdelaziz's daughter and for Singer students purportedly recruited by Vavic and Heinel were fabricated. Janke's testimony was truthful and consistent, unwavering in the face of rigorous cross-examination, and, in the government's view, particularly valuable given her extreme credibility and palpable remorse.

Janke's immediate and complete acceptance of responsibility, sincere remorse, and valuable assistance in the government's investigation and prosecution of others sets her apart from other coach defendants. Sentences imposed on coaches have ranged from time served (Stanford sailing coach John Vandemoer) to eight months in prison (UCLA soccer coach Jorge Salcedo). While Janke is more culpable than Vandemoer, who accepted bribe payments only to his Stanford sailing program, she cooperated while he did not. Nor did Salcedo, who delayed pleading guilty (and even then only reluctantly accepted responsibility) and violated his conditions of pretrial

release. Only one cooperating coach defendant has been sentenced to date: University of Texas tennis coach Michael Center, who was sentenced to six months in prison. While Janke is more culpable than Center, who accepted a bribe (partly in cash to his pocket) to secure the admission of one Singer student, her cooperation was significantly more extensive, ███████████ ██████████████████████████████████████████████ Further, the acceptance of responsibility demonstrated by Center, who has gone on to publicly minimize his conduct and blame others post-sentencing, does not even approach Janke's complete and very public ownership of her actions.

The sentence the government seeks by virtue of its § 5K1.1 motion – a term of time served – takes all of this into account. It also takes into account the sentences imposed by this Court on other cooperating defendants. For example, Steven Masera and Mikaela Sanford were recently sentenced to time served. While Janke is perhaps more culpable than Masera and Sanford given her role in the athletic recruitment scheme as a coach at USC, a go-between with Heinel, and an associate of Singer's creating falsified profiles, like both Masera and Sanford, everything Janke did was at the direction of someone else: either Khosroshahin or Singer. ███████ ████████████████████████████████████████████

Finally, in coming to its recommendation, the government has also considered Janke's personal circumstances, and the impact that a sentence of incarceration would have on her family, including her two young children. The government respectfully submits that its recommended sentence balances the nature and seriousness of Janke's offense against her cooperation, the sentences imposed on similarly situated defendants, and her personal history and characteristics.

IV.     **Conclusion**

For the foregoing reasons, the government respectfully recommends a sentence of time served followed by one year of supervised release, to include a special condition of 50 hours of community service, and requests that the Court enter a forfeiture money judgment of $129,213.90.[1]

Respectfully submitted,

RACHAEL S. ROLLINS
United States Attorney

By:     /s/ Leslie A. Wright
        KRISTEN A. KEARNEY
        LESLIE A. WRIGHT
        IAN J. STEARNS
        STEPHEN E. FRANK
        Assistant United States Attorneys

**CERTIFICATE OF SERVICE**

I hereby certify that this document was filed under seal with the Clerk of Court and will be sent via email to counsel of record for the defendant and to Senior Probation Officer Martha Victoria.

By:     /s/ Leslie A. Wright
        LESLIE A. WRIGHT
        Assistant United States Attorney

---

[1] The forfeiture amount is comprised of (i) $126,463.90 paid from Khosroshahin and Janke's soccer club bank account to Janke after October 2012 (the date of Singer's first payment to the club account, based on bank records available to the government) and (ii) $2,750 paid by Singer to Janke for the athletic profiles she created.